# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MAJIC WINDOW COMPANY,

      Plaintiff/Counter-Defendant,

v.

                            Case No. 2:06-CV-12600-DT

MILGARD WINDOWS,

      Defendant/Counter-Plaintiff.

_____/

## ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT'S "MOTION TO SET ASIDE DEFAULT"

Pending before the court is a "Motion to Set Aside Default," filed by Plaintiff/Counter-Defendant Majic Window Company ("Majic Window") on August 10, 2006. The matter has been fully briefed, and the court finds a hearing to be unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

## I. BACKGROUND

Majic Window initiated this action on April 3, 2006 in Wayne County Circuit Court. On June 12, 2006, Defendant/Counter-Plaintiff Milgard Windows ("Milgard") filed its "Notice of Removal," asserting subject matter jurisdiction through diversity of citizenship pursuant to 28 U.S.C. § 1332. On June 19, 2006, Milgard filed its "Answer to Complaint, Affirmative Defenses, and Counterclaim." The parties do not dispute that Majic Window failed to timely respond to Milgard's Counterclaim. Thus, on July 28, 2006, Milgard requested, and received, a clerk's entry of default against Majic Window. (*See* Dkt. ## 12 &13.)

On August 10, 2006, Majic Window filed the instant motion to set aside the default, arguing that a computer error prevented it from timely responding to the Counterclaim.  Specifically, Majic Window asserts that the "Notice of Electronic Filing" was sent to an administrative assistant's "spam" folder and promptly deleted without having been provided to counsel of record for Majic Window.  Majic Window also asserts that it has a meritorious defense to the Counterclaim and that Milgard will not be prejudiced by setting the default aside.  On the same day that Majic Window filed its motion to set aside the default, it also filed an answer to the Milgard's Counterclaim.

## II.  STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  When evaluating a motion to set aside a default, the court should consider three factors:

(1)   whether the default was the result of the defendant's willful or culpable conduct;

(2)   whether the plaintiff would be prejudiced by setting aside the judgment; and

(3)   whether the defendant presented any meritorious defenses following the default.

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).  The Sixth Circuit has further stated:

Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits . . . .  Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.

*Id.* at 846 (internal citations omitted).

2

### III.  DISCUSSION

Having reviewed the briefs, the court finds that Majic Window has established good cause so as to justify setting the default aside.  The only argument that Milgard provides in response to the motion to set aside is its assertion that Majic Window has failed to provide a meritorious defense to the Counterclaim.  Not only is the court not persuaded by this assertion, but Milgard has also failed to identify (1) any prejudice it will suffer if the default is set aside and (2) any culpable or wilful conduct on behalf of Majic Window.  *See United Coin Meter*, 705 F.2d at 844-45.  Accordingly, the court will grant Majic Window's motion.

### A.  Prejudice

The absence of prejudice weighs in favor of setting aside the default.  Milgard does not make any assertion that it will be prejudiced if the default is set aside.  Indeed, given the early stage of this litigation, it is difficult to conceive of any prejudice Milgard would suffer, other than perhaps the slight delay which has resulted from Majic Window's failure to timely file an answer to the Counterclaim.   Moreover, in order to establish prejudice, Milgard must point to something more than mere delay.  *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 433 (6th Cir. 1996).  Every default that has been set aside has necessarily resulted in some delay in the proceedings.  Instead, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  *Id.* at 433-34.  Here, Milgard has not articulated any prejudice it might suffer if the default is set aside.   In the absence of any allegation of prejudice, and considering the short time between the entry

of default and the motion to set aside, the court finds that Milgard will not be prejudiced in setting aside the default.

### B.  Meritorious Defense

Despite Milgard's assertions to the contrary, Majic Window has also alleged the existence of a meritorious defense.  "In order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *Thompson,* 95 F.3d at 433 (citing *INVST Financial Group*, *Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987)).

In its Counterclaim, Milgard seeks damages for breach of contract and/or unjust enrichment.  Milgard contends that Majic Window owes compensation under the terms of a contract for windows ordered by, and delivered to, Majic Window.  (6/19/06 Counterclaim at 7.)   In its motion to set aside, however, Majic Window argues that Milgard committed the first material breach of the agreement because the windows were defective and Majic Window is therefore under no obligation to pay compensation under the agreement.  (Majic Window's Mot. Br. at 7.)  Indeed, Milgard's alleged breach is the subject of Majic Window's complaint against Milgard.  The underlying facts which the parties dispute are not yet properly before the court.  At this point, the court can find only that Majic Window's assertions, if proven, would establish a meritorious defense. Accordingly, the court finds that this factor weighs in favor of setting aside the default.

### C. Culpability

With two *United Coin* factors weighing in favor of setting aside the default, the court turns next to the culpability factor. "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Service, Inc. v. William Darrah & Associates* 796 F.2d 190, 194 (6th Cir. 1986). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.*

Further, the Sixth Circuit has stated that when a party has demonstrated the existence of a meritorious defense and the absence of prejudice to the other party, a "dramatic balancing of the factors would be required" to uphold a district court's refusal to set aside an entry of default. *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292-93 (6th Cir. 1992). In *Waifersong*, the court noted that "it would require particularly culpable conduct by defendants to outweigh those two factors and tip the balance toward denial of relief." *Id.* at 293.

Here, Milgard does not articulate any culpable conduct on behalf of Majic Window which would justify refusing to set aside the clerk's entry of default. Majic Window asserts that its failure to timely respond to the Counterclaim was due to the "Notice of Electronic Filing" email being sent to an administrative assistant's spam folder and deleted. While the failure to properly classify court emails is perhaps negligent,[1] in

---

[1] The court cautions counsel that such an excuse will not be accepted in the future. It is counsel's responsibility to ensure that email filters are properly routing emails from CM/ECF and that any glitches are promptly corrected.

this circumstance it does not display "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194.  Accordingly, the court will set aside the clerk's entry of default.

### IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff/Counter-Defendant Majic Window Company's August 10, 2006 "Motion to Set Aside Default" [Dkt. # 15] is GRANTED.

       S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2006, by electronic and/or ordinary mail.

       S/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522