**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MAJIC WINDOW COMPANY,

       Plaintiff/Counter-Defendant,

v.

                                              Case No. 2:06-CV-12600-DT

MILGARD WINDOWS,

       Defendant/Counter-Plaintiff.

                                                  /

**OPINION AND ORDER DENYING DEFENDANT/COUNTER-PLAINTIFF'S
MOTIONS TO EXCLUDE EXPERT WITNESS TESTIMONY**

Pending before the court are three motions to exclude expert witness testimony, filed by Defendant/Counter-Plaintiff Milgard Windows ("Milgard") on May 18, 2007. Plaintiff/Counter-Defendant Majic Window Company ("Majic Window") filed its responses on June 20, 2007. The matter has been fully briefed, and the court conducted a telephone conference, on the record, on June 29, 2007. For the reasons stated below, and more fully articulated on the record, the court will deny the motions.

In its three motions, Milgard argues that three of Majic Window's proposed expert witnesses, Robert Rammage, Donald Pratt and Bruce D. Shively, should be precluded from testifying at trial because their testimony is irrelevant and relates to matters of common sense. All three witnesses are purported experts on window industry standards. Milgard asserts that the witnesses do not offer opinions on any issue in this case. Milgard contends, and the court agrees, that the expert reports offer only general information related to how windows are ordered, shipped and received, and industry

standards related to warranties. The witnesses' reports do not appear to offer any opinion as to whether Milgard complied with these industry standards.

However, the fact that the proposed experts do not offer any opinion as to whether Milgard complied with industry standards does not mean that they are improper witnesses. As expressed on the record, the court finds the subject matter of the expert reports to be generally relevant to this matter, whether admitted under Federal Rule of Evidence 701 by a lay witness or under Federal Rule of Evidence 702 by an expert witness. Moreover, the court disagrees with Milgard that window industry standards are within the realm of the average juror's common sense or everyday knowledge. Accordingly, the court will deny Milgard's motions to exclude the testimony of Majic Window's proposed witnesses, Rammage, Pratt and Shively.

Nonetheless, the court believes that the testimony of all three witnesses on the general subject of window industry standards would be duplicative and, when questioned, Majic Window's counsel agreed. The court therefore instructed Majic Window's counsel to limit testimony on this subject to presentation by one witness. On the record, counsel stated that Rammage would likely be testifying on other subjects and Pratt would be the only witness testifying on window industry standards. As stated on the record, if Pratt intends to testify as an expert witness, he will need to supplement his report to bring it into compliance with Federal Rule of Civil Procedure 26. Under Rule 26, there are six things an expert report must contain:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any

2

> other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). None of Majic Window's expert reports contain all of the technical information required by Rule 26. If Majic Window intends to present Pratt at trial as an expert witness, i.e., to draw from him opinions that are predicated upon his experience in combination with what he knows of the particular facts of this case, it will need to supplement his report with all of the required information without delay. The court expects that the substance of Pratt's testimony, whether expressed as "history" or "opinion," will not vary noticeably from the substance of the Pratt letter/report that is already of record.

For the reasons stated above and on the record, IT IS ORDERED that Defendant/Counter-Plaintiff Milgard Window's motions to exclude expert witness testimony [Dkt. ## 33, 34, 35] are DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: June 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2007, by electronic and/or ordinary mail.

    S/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522